**UNITED STATES of America,**
**Appellee,**

v.

**Larry MARTORELL, Defendant–**
**Appellant.**

**No. 02–1743.**

United States Court of Appeals,
Second Circuit.

Dec. 2, 2003.

Virginia L. Chavez and Celeste L. Koeleveld, Assistant United States Attorneys, New York, NY, for Appellee.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, New York, NY, for Defendant–Appellant.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Larry Martorell appeals from a judgment of conviction, entered on December 18, 2002, after a four-day jury trial in the United States District Court for the Southern District of New York (Hellerstein, J., at sentencing; Stanton, J., at trial). Martorell was charged with two counts of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b). The jury acquitted Martorell of assault with a deadly weapon and convicted him of simple assault, a misdemeanor.

Martorell appeals his conviction on two grounds, both of them arising from the trial judge's removal of one member of the jury for engaging in out-of-court research and attempting to introduce this research into the jury's deliberations. Martorell asserts: 1) removal was not warranted because the juror's misconduct was not willful and 2) the removal was improperly motivated by the jury foreman's desire to achieve a unanimous verdict.

Federal Rule of Criminal Procedure 23(b) provides that "if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the 11 remaining jurors." A district court's decision to remove a juror for just cause is reviewed pursuant to an abuse of discretion standard. *United States v. Breen*, 243 F.3d 591, 597 (2001).

There was no abuse of discretion here. It is undisputed that the jury was instructed as to the necessity of rendering a verdict based upon the evidence presented in the courtroom alone, as opposed to any

evidence collected through their own efforts. Further, although defense counsel expressed the view that the removed juror's misconduct was not serious enough to warrant removal, he did not object to her removal.

Martorell's two arguments to the contrary are both based on language in this Court's opinion in *United States v. Thomas*, 116 F.3d 606 (2d Cir.1997). In that case, this Court held that, as a general matter, a juror may be removed if evidence exists that the juror intends to engage in "jury nullification," i.e., intends to disregard the judge's instructions as to applicable law. Martorell first points to the following footnote in the *Thomas* opinion:

> We wish to make clear that nothing in this opinion is intended to suggest that jurors who deliberate under a good faith misinterpretation of the law as instructed by the court are subject to dismissal. In this case we address only the applicability of Rule 23(b) where a juror is alleged to be acting in *purposeful disregard* of the court's instructions.

116 F.3d at 613, n. 6 (emphasis in original).

Martorell takes this statement to mean that "purposeful disregard" of a judge's instructions is necessary for removal and points to the removed juror's statements that she was not aware that her conduct was improper. Because she did not appreciate that her actions were in violation of the court's instructions, Martorell argues that "[t]he appropriate correction" was not removal, but "admonish[ing] her to ensure she understood the instruction, and then return[ing] her to the deliberations."

This Court has never held, however, that willful juror disobedience is a necessary prerequisite for removal. On the contrary, this Court has said that removal of a juror is proper if conduct has occurred which threatens the jury's ability to render a fair and impartial verdict even if that conduct was not undertaken by the juror herself. *United States v. Purdy*, 144 F.3d 241, 246–47 (2d Cir.1998) (district court properly removed juror whose husband had been overheard making sympathetic comments to defendant's wife because there was a reasonable danger that husband "would press his views upon his wife, regardless of any protestations she might have made"). The trial judge correctly held that the removed juror's admission of pursuing extra-record information alone created the possibility that such information might taint the jury's verdict. Her removal was therefore not improper.

■ Martorell also argues that *Thomas*'s holding that "a district court may under no circumstances remove a juror in an effort to break a deadlock" on the jury is relevant here. 116 F.3d at 624. This is so, Martorell asserts, because the trial judge's investigation into possible juror misconduct was undertaken in response to a note he received from the jury foreman. The foreman's note stated that, in addition to engaging in outside research, the removed juror also had a hearing impairment and was incoherent during deliberations. After interviewing the removed juror, however, the trial judge stated that he did not concur with these latter two assertions. Thus, argues Martorell, this "raise[s] the prospect that [the jury foreman] wanted to have [her] removed from the jury in order to reach a unanimous verdict."

There is nothing in the record, however, to suggest that either the trial judge or counsel had any indication as to the positions being taken on the evidence by either the jury foreman or the removed juror. The trial judge properly told the removed juror before interviewing her that she should not reveal anything about the substance of the jury's deliberations. *United States v. Baker*, 262 F.3d 124, 132 (2d Cir.2001) ("It is far better, when possible,

for the court while inquiring into a juror's possible misconduct to make efforts to avoid learning the juror's views."). Indeed, after the trial judge decided on removal, defense counsel himself declared that he did not know "if [she was] a single holdout or there are a number" of jurors delaying the verdict.

Finally, that the jury returned with a verdict so quickly after the removed juror was excused proves nothing about what the trial judge should have known about her views at the time he removed her from the jury. *See United States v. Williams,* 2003 WL 22175980 at *6 (E.D.N.Y. Sept.17, 2003) ("relatively short length of time" between substitution of alternate jurors and rendering of verdict is no basis for finding that jury failed to follow court's instruction to begin its deliberations anew once alternates were placed on jury). In sum, whatever the jury foreman's intentions, there is no basis upon which to find that the trial judge's decision to excuse the removed juror was based upon anything but the juror's admission that she had disobeyed the instructions by pursuing outside research.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**